# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2022

Lyle W. Cayce
Clerk

No. 21-60276
Summary Calendar

Yelsi Bonifacia Gonzalez Martinez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A205 120 973

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Yelsi Bonifacia Gonzalez Martinez, a native and citizen of Honduras, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing her appeal from a decision of the Immigration Judge (IJ) denying

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

her application for withholding of removal.  The Respondent has filed an unopposed motion to remand.

We review for substantial evidence.  *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).  Additionally, we consider the IJ's decision only insofar as it influenced the BIA.  *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).  "Under this deferential standard, we will grant a petition for review only when the record evidence 'compels' a conclusion contrary to the agency's determination." *Gjetani v. Barr*, 968 F.3d 393, 396 (5th Cir. 2020) (quoting *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005)); *Wang v. Holder*, 569 F.3d 531, 536–37 (5th Cir. 2009).

In denying Gonzalez Martinez's decision, the IJ concluded that her PSG was not cognizable because it did not exist independently of the harm asserted and that, while the Country Reports indicated "a level of lawlessness in Honduras," the evidence did not show that the Honduran government either condoned the gang's actions or could not protect Gonzalez Martinez. The BIA agreed with the IJ's conclusion that Gonzalez Martinez had not shown that officials condoned the conduct or were unwilling or unable to protect victims of gang violence.  In her petition for review, Gonzalez Martinez argues that her evidence showed that Honduran authorities do not control the gangs and that her experience aligns with this, as police took her report but did nothing further to help her.

To be eligible for withholding of removal, Gonzalez Martinez must show that the government in her home country is "unable or unwilling to protect" her.  *Gonzales-Veliz v. Barr,* 938 F.3d 219, 228–29 (5th Cir. 2019). Although Gonzalez Martinez maintains that her failure to pay the demanded sums in 2003, and subsequent flight from the area, caused gang members to injure her friend and kill two family members, she has not shown that the evidence *compels* a conclusion that Honduran officials

No. 21-60276

condone private violence or are unable or unwilling to protect her. The same is true of her assertion that "nothing came of the report" that she filed with the police after gang members destroyed her business because she could no longer pay the money that they demanded. "A government is not 'unable or unwilling' to protect against private violence merely because it has difficulty solving crimes or anticipating future acts of violence." *Bertrand v. Garland*, 36 F.4th 627, 632 (5th Cir. 2022).

The motion to remand filed in this matter does not raise an issue that the BIA has not had a chance to consider. *See INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002); *see also Siwe v. Holder*, 742 F.3d 603, 612 (5th Cir. 2014). Accordingly, the petition for review and the motion to remand are DENIED.